### REPORTER.

*Theron Metcalf*, Esq., of Dedham.

### NANTUCKET, SHARON.

The right to send a representative is a corporate right, which towns may exercise or waive, at their pleasure; and, therefore, if selectmen refuse to put a motion, regularly made and seconded, in town-meeting, " that the town send no representative," or " to see if the town will choose a representative;'' but call for and receive votes for a representative, an election so made is void.

THE election of Micajah Gardner, returned a member from the town of Nantucket, was controverted by William Coffin, and others,[1] and the election of Ziba Drake, returned a member from the town of Sharon, was controverted by Nathaniel Morse and others,[2] on the ground, that, at the meetings held in those towns respectively, motions were regularly made and

[1] 36 J. H. 12.            [2] Same, 39.

seconded, in the town of Nantucket, "that the town send no representative," and in the town of Sharon, "to see if the town would choose a representative," which motions the moderators of the said several meetings refused to put to vote, but thereupon immediately called for and received votes for representatives.

The petitions in these cases, were presented at the May session, and referred to the committee on elections, who made the following report thereon [1]:—

" Town-meetings were duly had and convened in said towns of Nantucket and Sharon, in the month of May last, for the choice of representatives to the present general court. At each of the said meetings, motions were regularly made and seconded (in effect), that each of the said towns should not send representatives to the general court the present year; and the moderators of the several meetings refused to submit the questions for decision, urging that they were prohibited by the constitution and laws of the commonwealth, from putting motions of that nature. It appearing to the committee, that different opinions are formed in different parts of the commonwealth, respecting the question whether a town may constitutionally and legally vote not to send a representative to the general court; notwithstanding the decision of former houses of representatives on this subject, and the opinion of the honorable the justices of the supreme judicial court, which seems to be expressed in the opinion they gave on the question respecting aliens, submitted to them by a former house of representatives; and inasmuch as the present question was not then directly before the honorable judges, and the committee having had before them some evidence that one of the justices of the supreme judicial court, at the last session of the same, holden in Boston, in the county of Suffolk, and for the counties of Suffolk and Nantucket, on the trial of an indictment, then and there pending against the selectmen of Nantucket, did express an opinion, in some degree contrary to the one incidentally given and expressed as aforesaid; it has, in the opinion of the

[1] 36 J. H. 120.

committee on elections, become highly necessary to have all doubts on the question before referred to removed, that the same understanding on the subject may be made to prevail in all the towns and in all the departments of the government of the commonwealth. Wherefore they respectfully report their opinion, of the expediency of this honorable house of representatives passing an order, by which the opinion of the justices of the supreme judicial court may be requested on the following question :—

Whether a town, having by the constitution a right to send a representative or representatives to the general court, can constitutionally and legally vote not to send a representative, and whether such vote would be binding on a minority of voters dissenting therefrom in such town."

The report was agreed to, and the order recommended by the committee adopted.

The committee subsequently recommended a reference of these cases to the next session, and they were referred accordingly.[1]

At the January session, a communication was received from the justices of the supreme judicial court, answering both questions in the affirmative.

The committee thereupon reported the facts in these two cases, as already above stated, and concluded : " That although some doubts may have heretofore existed, whether towns, constitutionally entitled to choose representatives, can legally waive the exercise of their right, yet by recurring to former decisions of this house, as well as the decision of the honorable justices of the supreme judicial court, on questions recently proposed to them, by this house, it is settled, that the right to send a representative is a corporate right, and that a town can constitutionally vote not to send a representative to the general court, if it choose to waive its privilege in that respect. And inasmuch as the qualified voters in said towns were, in the opinion of the committee, deprived of their constitutional rights, by reason of the motions made as aforesaid not being put to

[1] 36 J. H. 126.

them, at said meetings, for their determination, the committee ask leave to report, and do unanimously report, that the said Micajah Gardner, and Ziba Drake were not duly elected, and are not entitled to seats in this house. The report was agreed to.